IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00374-GPG

PAUL A . MITCHELL,

      Plaintiff,

v.

KAREN McGOVERN, (In Individual Capacity as Current Program Director of the
    Colorado Medical Board), and
CHERYL HARA (In Individual Capacity as Former Program Director of the Colorado
    Medical Board),

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Paul A. Mitchell, has filed *pro se* a Verified Complaint (ECF No. 1)

asserting claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3).  Mr. Mitchell is

challenging the summary suspension of his Colorado medical license in 2007 and the

failure to reinstate his medical license in 2014.  As relief he asks the Court to "[i]ssue

injunctive relief commanding the Colorado Medical Board, on behalf of Defendants, [to]

reverse the summary suspension against Plaintiff and expunge all records of

suspension from plaintiff's records."  (ECF No. 1 at 48.)

      Mr. Mitchell has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Mitchell's claims are

frivolous or malicious.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one

in which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S.

319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B)(i).

The Court must construe the complaint liberally because Mr. Mitchell is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Mitchell alleges that the Colorado Medical Board summarily suspended his medical license in 2007.  He specifically alleges that the summary suspension resulted from a complaint filed against him by the Colorado Physician Health Program ("CPHP") on June 5, 2007, stating he "had (1) behavior problems with staff and patients, (2) professional boundaries issues with staff, (3) a mood disorder, (4) failed to continue treatment with psychiatrist, (5) failed to attend formal professional boundary course, [and] (6) failed to maintain contact with CPHP."  (ECF No. 1 at 6-7.)  Mr. Mitchell further alleges that Defendant Cheryl Hara, the former Program Director for the Colorado Medical Board, signed and issued an order on June 5, 2007, stating there was probable cause to believe Mr. Mitchell had failed to notify the medical board about a physical or mental illness that impacts his ability to practice medicine with reasonable skill and safety and directing him to contact and cooperate with CPHP; wrote a letter on June 6, 2007, directing Mr. Mitchell to contact CPHP by June 19, 2007; signed and issued an

2

order on June 28, 2007, suspending Mr. Mitchell's Colorado medical license until he complied with the order to cooperate with CPHP; filed a report with the National Practitioner Data Bank ("NPDB") on June 28, 2007, stating Mr. Mitchell's Colorado medical license was suspended; and issued a second order on December 14, 2007, directing Mr. Mitchell to undergo an evaluation by CPHP.  Mr. Mitchell also contends that on January 10, 2008, a second suspension order was issued and reported to the NPDB and, on January 25, 2008, Program Director Hara "reported that the suspension was based on Plaintiff's professional competence or conduct which adversely affected, or could have adversely affected the health or welfare of the patient."  (ECF No. 1 at 9.)

Mr. Mitchell has filed two prior federal lawsuits in the District of Colorado against Program Director Hara and others asserting state and federal claims challenging the suspension of his Colorado medical license.  *See Mitchell v. Hara*, No. 07-cv-2637-ZLW (D. Colo. Mar. 4, 2008); *Mitchell v. Hara*, No. 08-cv-1388-ZLW (D. Colo. July 24, 2008). The claims against Program Director Hara in both cases were dismissed on the grounds of absolute immunity.  Although Mr. Mitchell contends the prior cases were dismissed improperly, he did not appeal the dismissal in either case.

Mr. Mitchell concedes that he also filed a state court action in July 2009 against Program Director Hara and the CPHP "alleging constitutional violations pursuant to § 1983 and advancing various other state claims based on events prior, during, and after the suspension of his medical license."  (ECF No. 1 at 10.)  According to Mr. Mitchell, the state courts determined his federal claims were barred by res judicata because he had an opportunity to fully litigate those claims in federal court.  (*See id.*)

Mr. Mitchell's claims against Defendant Karen McGovern, the current Program

3

Director for the Colorado Medical Board, stem from her communications with Mr. Mitchell in 2014 regarding the suspension of his Colorado medical license.  Mr. Mitchell alleges that Program Director McGovern sent an e-mail on September 4, 2014, stating the medical board will not lift the suspension of his medical license until he complies with the medical board's December 14, 2007 order; intercepted his petition for reconsideration of the summary suspension that he sent to the medical board and, on September 8, 2014, sent an e-mail instructing Mr. Mitchell to direct all future correspondence with the medical board or staff to her; and signed a letter on October 9, 2014, stating his petition for reconsideration of the summary suspension was denied by a panel of the medical board.

The facts Mr. Mitchell alleges in the Verified Complaint do not support an arguable claim for relief against either Defendant.  In particular, Mr. Mitchell fails to allege facts that demonstrate Defendants are members of the Colorado Medical Board, are responsible for the decisions of the Colorado Medical Board regarding suspension of his Colorado medical license, or are capable of providing the relief he seeks in this action.  As noted above, the specific relief Mr. Mitchell requests is an injunction directing the Colorado Medical Board to reverse the summary suspension of his medical license. As a result, Mr. Mitchell's claims against Defendants are legally frivolous and must be dismissed.

Mr. Mitchell's claims against Program Director Hara also will be dismissed for additional reasons.  First, the claims against Program Director Hara are repetitive of the claims Mr. Mitchell asserted against Program Director Hara in his prior federal lawsuits. "Repetitious litigation of virtually identical causes of action may be dismissed under §

1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972). The Court has consulted its records and finds that Mr. Mitchell's claims against Program Director Hara in this action are repetitive of the claims he pursued against Program Director Hara in his prior federal cases.

Mr. Mitchell's claims against Program Director Hara also are untimely. Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense"). It is obvious on the face of the Verified Complaint that Mr. Mitchell's claims against Program Director Hara, which are premised on actions that occurred in 2007 and 2008, accrued when those actions took place. Mr. Mitchell obviously was aware of his claims at that time because he filed two prior lawsuits in the District of Colorado raising the same or substantially similar federal claims against Program Director Hara in 2007 and 2008. Because Mr. Mitchell did not file the instant action until February 2015, it also is obvious on the face of the Verified Complaint that the claims against Program Director Hara are time-barred because the statutes of limitations that apply to Mr.

Mitchell's claims are either two years or four years.  *See Cross v. The Home Depot*, 390 F.3d 1283, 1288-89 (10th Cir. 2004) (statute of limitations for § 1981 claims in Colorado is either two years or four years, depending on the nature of the § 1981 claim); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (two-year statute of limitations applies to § 1983 claims in Colorado); *Lyons v. Kyner*, 367 F. App'x 878, 881-82 (10th Cir. 2010) (§ 1985(3) claims subject to same statute of limitations as § 1983 claims).

For these reasons, the Verified Complaint will be dismissed as legally frivolous and malicious.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Verified Complaint and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __20th__ day of ____March____, 2015.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court